**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reginaldo Navaro Salinas, | No. CV 10-1625-PHX-RCB (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Rodriguez, et al., | |
| Defendants. | |

On July 30, 2010, Plaintiff Reginaldo Navaro Salinas, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff did not pay the $350.00 civil action filing fee but filed a deficient Application to Proceed *In Forma Pauperis* (Doc. 3) and an "Inmate Account Statement" (Doc. 4).

By Order filed August 16, 2010 (Doc. 5), the Court denied the Application to Proceed *In Forma Pauperis* without prejudice and gave Plaintiff 30 days from the filing date of the Order to pay the fee or file a new, completed Application to Proceed *In Forma Pauperis*.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

On September 7, 2010, Plaintiff filed a new Application to Proceed *In Forma Pauperis* (Doc. 6). Plaintiff's Application to Proceed will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will

**TERMPSREF**

assess an initial partial filing fee of $10.63. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

1 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL 2947323, at *3 (9th Cir. Jul. 29, 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

### III.   Complaint

Named as Defendants in the Complaint are the following Detention Officers at the Maricopa County Fourth Avenue Jail: (1) Rodriguez, (2) R. Gilbert, (3) W. Bruening, (4) M. Johnson, (5) R. Overgard, (6) E. Stanley, and (7) R. Monirath.

Plaintiff alleges three counts in the Complaint in which he claims that his rights under the Eighth and Fourteenth Amendments were violated on December 11, 2009, while he was confined in the Maricopa County Fourth Avenue Jail. Plaintiff seeks a jury trial and monetary damages.

### IV.   Dismissal of Defendants

To state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an affirmative link between the alleged injury and the conduct of an individual Defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

To state a claim against a state official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation, or that a state supervisory official was aware of the widespread abuses and with deliberate indifference to the inmate's constitutional rights failed to take action to prevent further misconduct. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978); Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988).

There is no liability under 42 U.S.C. § 1983 based on a theory of *respondeat superior*, and, therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691; West v. Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

1          Although Plaintiff names R. Gilbert, W. Bruening, M. Johnson, R. Overgard, E. Stanley, and R. Monirath as Defendants in the Complaint, he has not described any specific conduct by any of these individual Defendants that violated Plaintiff's constitutional rights and led to his injuries. Indeed, Plaintiff does not mention any of these Defendants by name in the body of the Complaint.

         Accordingly, Defendants R. Gilbert, W. Bruening, M. Johnson, R. Overgard, E. Stanley, and R. Monirath will be dismissed from this action for failure to state a claim upon which relief may be granted.

**V.     Discussion**

   **A.     Count I**

         In Count I, Plaintiff claims that his Eighth and Fourteenth Amendment rights were violated when Defendant Rodriguez subjected him to the use of excessive use force on December 11, 2009. Plaintiff alleges that after he complied with a request from "officers" to face the wall in his cell, he was thrown face first into the sink, causing damage to his right eye. Plaintiff further alleges that Defendant Rodriguez, "with the assistance of other officers," threw Plaintiff face first to the ground and repeatedly kicked and kneed him, while shoving his face in the cement and cussing at him. Plaintiff also alleges that he was then escorted to segregation.

         Liberally construed, Plaintiff has stated an excessive force claim in Count I. Accordingly, the Court will required Defendant Rodriguez to answer Count I.

   **B.     Count II**

         In Count II, Plaintiff claims that his Eighth and Fourteenth Amendment rights were violated on December 11, 2009, when, after he was beaten, he was taken to "segregation" by "other officers" and was refused medical treatment for 7 or 8 hours. Plaintiff also claims that "the officers who were working segregation" had "refused him a grievance."

         In order to state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an affirmative link between the alleged injury and the conduct of an individual Defendant. Rizzo, 423 U.S. at 371-72, 377. Plaintiff has not linked the injuries about which

he complains in Count II with the actions of any individually named Defendant. Accordingly, Count II will be dismissed for failure to state a claim upon which relief may be granted.

### C. Count III

In Count III, Plaintiff claims that his Eighth and Fourteenth Amendment rights were violated by the "negligence" of Defendant Rodriguez. Plaintiff alleges that Defendant Rodriguez, "as a professional and trained officer neglected his power to assault an inmate[,] causing permanent eye damage."

Allegations of negligence do not state claims under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328 (1986) (the Due Process Clause is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property); Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under 42 U.S.C. § 1983).

Accordingly, Count III will be dismissed for failure to state a claim upon which relief may be granted.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 6) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff **must pay** the $350.00 filing fee and is **assessed** an initial partial filing fee of $10.63.

(3) Defendants R. Gilbert, W. Bruening, M. Johnson, R. Overgard, E. Stanley, and R. Monirath are **dismissed** from this action for failure to state a claim upon which relief may be granted.

(4) Counts II and III of the Complaint (Doc. 1) are **dismissed** for failure to state a claim upon which relief may be granted.

(5) Defendant Rodriguez **must answer** Count I of the Complaint (Doc. 1).

(6) The Clerk of Court **must send** Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Rodriguez.

(7) Plaintiff **must complete and return** the service packet to the Clerk of Court within **21 days** of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) **If** Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant Rodriguez within 120 days

1  of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later,
2  the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

3      (9)    The United States Marshal **must retain** the Summons, a copy of the
4  Complaint, and a copy of this Order for future use.

5      (10)    The United States Marshal **must notify** Defendant Rodriguez of the
6  commencement of this action and request waiver of service of the summons pursuant to
7  Rule 4(d) of the Federal Rules of Civil Procedure and Rule 4(j)(2) of the Federal Rules of
8  Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal
9  must immediately file requests for waivers that were returned as undeliverable and waivers
10 of service of the summons. If a waiver of service of summons is not returned by Defendant
11 Rodriguez within 30 days from the date the request for waiver was sent by the Marshal, the
12 Marshal must:

13     (a)    personally serve copies of the Summons, Complaint, and this Order upon
14 Defendant Rodriguez pursuant to Rule 4(e)(2) of the Federal Rules of Civil
15 Procedure; and

16     (b)    within 10 days after personal service is effected, file the return of service
17 for Defendant, along with evidence of the attempt to secure a waiver of service of the
18 summons and of the costs subsequently incurred in effecting service upon Defendant.
19 The costs of service must be enumerated on the return of service form (USM-285) and
20 must include the costs incurred by the Marshal for photocopying additional copies of
21 the Summons, Complaint, or this Order and for preparing new process receipt and
22 return forms (USM-285), if required. Costs of service will be taxed against the
23 personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
24 Procedure, unless otherwise ordered by the Court.

25     (11)    **If Defendant Rodriguez agrees to waive service of the Summons and**
26 **Complaint, he must return the signed waiver forms to the United States Marshal, not**
27 **the Plaintiff.**

28     (12)    Defendant Rodriguez must answer the Complaint or otherwise respond by

1 appropriate motion within the time provided by the applicable provisions of Rule 12(a) of
2 the Federal Rules of Civil Procedure.
3     (13)   This matter is **referred** to Magistrate Judge Edward C. Voss pursuant to Rules
4 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized
5 under 28 U.S.C. § 636(b)(1).
6     DATED this 15th day of November, 2010.

_____
Robert C. Broomfield
Senior United States District Judge